IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DUANE ANGELO BURCHILL,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN BILLIE REICH[1];<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 25-71-BU-BMM<br><br><br>ORDER |

State pro se petitioner Duane Angelo Burchill ("Burchill") filed an application under 28 U.S.C. § 2254 seeking habeas corpus relief on July 8, 2025. (Doc. 1 at 8.); *see Houston v. Lack*, 487 U.S. 266 (1988) (under the "prison mailbox rule" a prisoner's petition is deemed filed when it is handed over to prison authorities for mailing to the district court). The Court directed Burchill to show cause as to why this matter should not be dismissed as time barred. (Doc. 7.)

Burchill responded and argued that the analysis of his untimeliness is incorrect as he "has seamlessly been exhausting all state remedies, overlapping each, addressing claims of said violations in Burchill's convictions through the state remedies." (Doc. 8 at 1.) Burchill recites the procedural history of his

---

[1] Demetric Godfrey was initially listed as one of the Respondents. Billie Reich is now the warden of Crossroads Correctional Center; accordingly, the caption has been amended.

1

various state filings.  (*Id*. 2-4.)  Burchill references the Supremacy Clause of the United States Constitution and suggests that he has new evidence of a constitutional violation occurring in his underlying criminal proceedings.  (*Id*. at 5-6.)  Burchill additionally states that he suffered a fall from his bunk and a corresponding injury in September of 2024, as a result of which he should be entitled to equitable tolling.  (*See* Doc. 9 at 1-2); (*see also* Doc. 9 Ex. 1.)

A threshold issue for the Court is whether these proceedings are time-barred by the applicable statute of limitations.  The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim.  *See White v. Klitzkie*, 281 F. 3d 920, 921-22 (9th Cir. 2022).  For the reasons explained herein, the Court finds the petition is untimely.

### I.    Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244.  The limitation period shall run from latest of-

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have

2

been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. §2244(d).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  *Jefferson v. Budge,* 419 F. 3d 1013, 1015 n. 2 (9th Cir. 2005).

## II.    Background

The procedural history of Burchill's state proceedings has been set forth in previous orders. The Court will briefly summarize it.

A jury convicted Burchill of two counts of Robbery, one count of Conspiracy to Commit Deceptive Practices, and one count of Criminal Possession of Dangerous Drugs on August 2, 2017.  Burchill timely appealed the conviction and the Montana Supreme Court affirmed on December 10, 2019. *See State v. Burchill*, 454 P. 3d 633 (Mont. 2019).

Burchill filed a petition for postconviction relief in the Montana state district court on March 13, 2020. The court appointed counsel for Burchill. Counsel filed an amended petition on Burchill's behalf.  The Montana state district court denied relief on June 14, 2022.  Burchill appealed.  The Montana Supreme Court affirmed the Montana state district court's denial on February 6, 2024. *Burchill v. State*, 542

P. 3d 742 (Mont. 2024.)

Burchill moved for a new trial on January 18, 2024, while his postconviction relief appeal was pending. The Montana state district court denied Burchill's motion for a new trial on May 17, 2024, without holding an evidentiary hearing. The Montana state district court found that the filing was untimely under state law and that Burchill had failed to present sufficient evidence to demonstrate that a new trial would be in the interest of justice. *See State v. Burchill*, Cause No. DC-16-368A, Ord. (filed May 17, 2024);[2] *see also Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue). Burchill appealed from the Montana state district court's order. The Montana Supreme Court affirmed the Montana state district court on April 22, 2025. *State v. Burchill*, 566 P. 3d 1107 (Mont. 2025) (Table).

### III.    Timeliness of Federal Filing

The Montana Supreme Court denied Burchill relief on direct appeal on December 10, 2019. Burchill did not petition for a writ of certiorari, therefore, review on direct appeal was complete when the 90-day period for seeking such review concluded. *Bowen v. Roe*, 188 F. 3d 1157, 1159 (9th Cir. 1999); 28 U.S.C.

---

[2] For purposes of clarity, a copy of the state court order will be attached as an exhibit to this Order.

§ 2244(d)(1)(A).  Burchill's conviction became final on Monday, March 9, 2020. The one-year limitations period commenced the following day and expired one year later, absent applicable periods of tolling.  *See Patterson v. Stewart*, 251 F. 3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

As set forth above, Burchill filed his initial postconviction petition on March 13, 2020, thus tolling his federal time clock after only 3 days had passed.  *See* 28 U.S.C. §2244(d)(2) (providing federal time is tolled when a state prisoner has "properly filed application for State postconviction or other collateral review" pending in state court.)  Burchill timely appealed the denial of his postconviction petition. The Montana Supreme Court affirmed on February 6, 2024.

Accordingly, Burchill's federal time clock began to again run on February 7, 2024.  With 362 days remaining, Burchill should have filed in this Court on or before Monday, February 3, 2025.  Burchill did not file his federal petition, however, until July 8, 2025, more than 5 months too late.

**Statutory Tolling**

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F. 3d 918, 921 (9th Cir. 2002).

An application for state post-conviction relief is "*properly* filed" when its delivery and acceptance comply with the applicable laws and rules governing filings" including "the time limits upon its deliver . . .." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  If a state court rejects a petitioner's PCR petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling.  *Allen v. Sibert*, 552 U.S. 3, 6-7 (2007) ("Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing[.]'"); *Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 (2005) (holding that "time limits, no matter their form, are 'filing conditions'").

     If a petitioner files an application after the generally applicable state time limit, the application may nonetheless be considered "properly filed" if it fits within any exception to that time limit.  *Pace*, 544 U.S. at 413. The existence of exceptions to the state's timely filing requirements does not prevent a late application from being deemed improperly filed, however, when the application fails to fit within any exceptions to the time limit.  *Id*. at 408.  As the U.S. Supreme Court held in *Pace*, "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of §2244(d)(2)." *Id*. at 414 (internal quotation marks omitted.  The U.S. Supreme Court reasoned as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.  The purpose of AEDPA's statute of limitations confirms

6

this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn §2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id*. at 413.

The Montana state district court first determined that Burchill's motion for a new trial was untimely under Mont. Code Ann. § 46-16-702(2). The statute requires that a motion for a new trial "must be filed by the defendant within 30 days following a verdict or finding of guilty . . .." The Montana state district court noted that the jury verdict had been rendered on August 2, 2017, yet Burchill filed his motion on January 18, 2024, more than six years too late. *See State v. Burchill*, Cause No. DC-16-368A, Ord. at 2-3. The Montana state district court noted that Burchill also alleged that the jury panel for his trial had not been properly drawn and impaneled under MCA § 46-16-112. But MCA § 46-16-112(1) contains a time limitation, requiring a defendant to present a challenge to the selection of a jury panel 5 days before the term for which the jury is drawn. Burchill's challenge brought six years after the verdict was also untimely. *Burchill*, DC-16-368A, Ord. at 4.

The Montana state district court noted that under either provision, a new trial could be granted without regard to the applicable time limitations, either in the "interest of justice," or if a defendant supported his motion with facts showing that

a jury panel was improperly selected or drawn. Consideration of Burchill's arguments revealed that he failed to establish good cause to consider his untimely challenge. Burchill misapprehended 2023 decisions handed down in Cascade County and Flathead County regarding jury selection in those districts. Aside from his own conjecture, Burchill presented no evidentiary support that the selection of his jury venire in 2017 suffered from a similarly defective process. *Id*. at 5. The court also noted that a recent challenge to Gallatin County's jury selection process revealed that no evidence existed that "any class or group of individuals had been excluded" from routine jury selection. *Id*. Accordingly, Burchill could not meet his burden, and the interest of justice did not require the court to hold an evidentiary hearing or grant his untimely motion for a new trial. *Id*. at 5-6. As set forth above, the Montana Supreme Court affirmed the denial of Burchill's motion. *Burchill*, 566 P. 3d at 1107.

Because Burchill's motion for a new trial was untimely under Montana law, that is the end of this Court's inquiry as to whether the document was "properly filed" under AEDPA. *See Pace*, 544 U.S. at 414; *Tigueros*, 658 F. 3d at 988 ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA."); *Banjo v. Ayers*, 614 F. 3d 964, 968 (9th Cir. 2010) ("An untimely petition . . . is not 'properly filed' pursuant to 28 U.S.C. § 2254(d)(2), and so it does not toll the statute of limitations.") Burchill's untimely motion for a new

trial had no statutory tolling effect on AEDPA's statute of limitations.

In short, Burchill is not entitled to statutory tolling. Following the Montana Supreme Court affirming the denial of Burchill's postconviction petition, on February 7, 2024, his federal timeclock began to run. Burchill should have filed in this Court on or before Monday, February 3, 2025, but he failed to do so. Burchill's untimely motion for a new trial did not interrupt, toll, pause, or restart the statute of limitations. Accordingly, absent equitable tolling, Burchill's federal petition is untimely.

**Equitable Tolling**

The U.S. Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate, however, only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See id*. at 649 (*quoting Pace*, 544 U.S. at 418). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999).

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirements that extraordinary circumstances stood

9

in [petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1011 (9th Cir. 2009) (quotation omitted); *accord Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").

To satisfy the first requirement, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F. 3d 582, 598-99 (9th Cir. 2020) (en banc). It is not enough for a petitioner "to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599. However, "the diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id*. (*quoting Holland*, 560 U.S. at 653).

To satisfy the second causation requirement, a petitioner must show that the "extraordinary circumstances" were the cause of the untimeliness. *Grant v. Swarthout*, 862 F. 3d 914, 926 (9th Cir. 2017). In other words, "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F. 3d 964, 969 (9th Cir. 2011).

Burchill suggests that he is entitled to equitable tolling because in September of 2024, he suffered a traumatic brain injury after a fall from his bunk. (Doc. 9 at 1.) Burchill states that after this incident, he was "severely disabled" which prevented him from properly working on his federal habeas petition. (*Id*.) Burchill contends that this injury, combined with his incarceration, constituted "extraordinary circumstances" which prevented him from adequately researching his claims during the limitations period. (*Id.* at 2.) The exhibit Burchill attached to his supplement indicates that he was admitted to Benefis Hospital in Great Falls on September 7, 2024, and was discharged on September 10, 2024. (*See* Doc. 9 Ex. 1.)

The problem with Burchill's equitable tolling argument, however, is that he was capable of filing during the time period at issue in the Montana state courts. For example, on December 30, 2024, Burchill filed a lengthy reply brief in his direct appeal from the denial of his motion for a new trial. *See State v. Burchill*, DA 24-0345, Appellant's Reply (filed Dec. 30, 2024).[3] As evidenced by the Montana state court procedural history referenced above, Burchill is a rather experienced pro se filer. Additionally, aside from the instant habeas petition, Burchill previously has filed a civil rights action in this Court. *See Burchill v.*

---

[3] All state court briefing available at the Montana Supreme Court's website: https://supremecourtdocket.mt.gov/ (accessed July 21, 2026).

*Clerk of District Court Madison County*, Cause No. CV-17-37-BU-BMM-JCL, Complaint (filed June 26, 2017).

Burchill was capable of filing on his own during the limitations period. In light of this filing with the Montana Supreme Court, there is no indication that Burchill's injury prevented him from filing. Moreover, the fact of Burchill's incarceration, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See Rasberry v. Garcia,* 448 F. 3d 1150, 1154 (9th Cir. 2006); *Ford v. Pliler,* 590 F. 3d 782, 789 (9th Cir. 2009).

It appears that what occurred in the instant matter is that Burchill mistakenly believed his motion for a new trial would toll the federal limitations period. Untimeliness due to oversight, miscalculation, or negligence on the petitioner's part is not an extraordinary circumstance warranting equitable tolling. *Waldron-Ramsey*, 556 F. 3d at 1011. No condition sufficiently egregious to qualify as an extraordinary circumstance existed in the instant matter. Accordingly, Burchill is not entitled to equitable tolling.

### IV.   Conclusion

In short, Burchill filed his federal petition five months after the expiration of AEDPA's statute of limitations. Burchill has failed to meet his burden of establishing entitlement to either statutory or equitable tolling. The petition is

dismissed with prejudice as untimely.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Burchill has made a substantial showing that he was deprived of a constitutional right.  Moreover, jurists of reason could find it debatable that Burchill's petition is untimely.  A certificate of appealability is granted.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Burchill's Petition (Doc. 1) is DISMISSED with prejudice as

13

time barred.

2.  The Clerk of Court is directed to enter a judgment of dismissal.

3.  The Clerk of Court is directed to amend the docket to name Warden

Billie Reich as the proper Respondent.

4.   The Clerk of Court is direct to attach a copy of the May 17, 2024,

Montana state district court's decision entered in *State v. Burchill*, Cause

No. DC-16-368A, as an exhibit to this Order.

5.  A certificate of appealability is GRANTED.

DATED this 24th day of July, 2026.

_____
Brian Morris, Chief District Judge
United States District Court

14